UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00047-HBB

WILLIAM MICHAEL BEATY                                                         PLAINTIFF

VS.

ANDREW SAUL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION[1]                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of William Michael Beaty seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both Beaty (DN 14,17) and the Commissioner (DN 19) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**, and judgment is **GRANTED** for the Commissioner.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). The parties were notified that oral arguments would not be held unless a written request therefor was filed and granted (DN 12). No such request was filed.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed.R.Civ.P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

## FINDINGS OF FACT

Beaty filed an application for period of disability and disability insurance benefits on May 20, 2016 (Tr. 175-76). Beaty alleged that he became disabled on June 1, 2014 as a result of Degeneration in L-3 and L-4; L-1 though L-5 herniated or bulging discs; bad knees; bad shoulders; bad neck; rheumatoid arthritis; sleeping problems; anxiety (Tr. 186). Administrative Law Judge Brian Steger ("ALJ") conducted a hearing on June 6, 2018 via teleconference. Beaty appeared in Bowling Green, Kentucky and the ALJ presided from St. Louis, Missouri. Plaintiff was represented by Debra L. Broz. Also present and testifying was Kathleen L. Reis, an impartial vocational expert.

In a decision dated June 29, 2018, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 9-19). At the first step, the ALJ found Beaty has not engaged in substantial gainful activity since June 1, 2014, the alleged onset date (Tr. 11). At the second step, the ALJ determined that Beaty's lumbar degenerative disc disease, left shoulder tendonitis, and generalized osteoporosis are "severe" impairments within the meaning of the regulations (Tr. 11). Notably, at the second step, the ALJ also determined that Beaty's left knee impairment, left foot impairment, and rheumatoid arthritis are "non-severe" impairments within the meaning of the regulations (Tr. 12). At the third step, the ALJ concluded that Beaty does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 14).

At the fourth step, the ALJ found Beaty has the residual functional capacity to perform light work with limitations (Tr. 15). More specifically, the ALJ found that Beaty cannot climb ladders, ropes, and scaffolds, but is otherwise capable of occasional postural activities; he is capable of occasionally reaching above shoulder level and frequently reaching in all other

directions with the non-dominant, left upper extremity; he is to avoid exposure to hazards, including unprotected heights and moving mechanical parts; he is incapable of operating a motor vehicle for work. (Tr. 15). Relying on testimony from the vocational expert, the ALJ found that Beaty is unable to perform any of his/her past relevant work (Tr. 17).

The ALJ proceeded to the fifth step where he considered Beaty's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 18). The ALJ found that Beaty can perform a significant number of jobs that exist in the national economy (Tr. 18). Therefore, the ALJ concluded that Beaty has not been under a "disability," as defined in the Social Security Act, from June 1, 2014 through the date last insured (Tr. 18).

Beaty timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 231-38). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-8).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in

evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Beaty's request for review of the ALJ's decision (Tr. 1-8). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

> 1) Is the claimant engaged in substantial gainful activity?
>
> 2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?
>
> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Beaty's claim at the fifth step.

Beaty's *pro se* Fact and Law Summary is succinct, consisting of one handwritten page outlining his arguments. He appears to challenge the ALJ's residual functional capacity assessment at step 4. The ALJ found Beaty is capable of light work with some limitations. Beaty contends that "there is no sedentary work" he can do (DN 14 PageID # 605). In response, the Commissioner argues that Beaty's argument "should not be found persuasive" and the ALJ adequately supported his decision with substantial evidence (DN 19 PageID # 622).

This Court is limited to determining whether the final decision of the commissioner was supported by substantial evidence. If so, the ALJ's decision must be upheld—even if that evidence could support the opposite conclusion. Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). Review of the record demonstrates that the ALJ adequately supported his opinion with substantial evidence, and therefore it must stand.

Beaty has provided only assertions that the ALJ's analysis is incorrect and that he cannot perform even sedentary work. Beaty specifically references several ailments from which he

purportedly suffers that keep him from working, but he does not provide evidence that the ALJ did not adequately consider these ailments when determining his RFC (DN 14 PageID # 606). The ALJ's opinion depicts a thorough analysis of the available medical evidence and full consideration of Beaty's symptoms.

Beatty specifically references his degenerative disc disease, back pain from bulging discs, and left shoulder pain in his brief (DN 14 PageID # 605). The ALJ considered these ailments when determining Beaty's RFC. The ALJ referenced X-Ray imaging that showed the degenerative changes to Beaty's spine to be mild (Tr. 16). Beatty's pain in his back and shoulder were effectively treated with injections and medications (Tr. 16). The ALJ found that these medical determinable severe impairments could reasonably be expected to produce the complained of symptoms, but the medical evidence did not support the limiting effects to the extent described by Beaty at the hearing (Tr. 15). This is reinforced by the ALJ's decision to assign little weight to the opinion of State Agency Medical Consultant Jack Reed who opined Beaty could perform medium work (Tr. 16). The ALJ restricted Beaty's exertional level to light and required jobs that limited use of Beaty's left arm because of his dis disease and shoulder tendonitis (Tr. 16).

Beaty also mentions arthritis and knee pain in his brief. The ALJ considered Beaty's arthritis both at step 2 and step 4 in the evaluation process (Tr. 12, 16-17). The medical record did not contain any symptoms or treatment for rheumatoid arthritis until after the date last insured (Tr. 12). Nevertheless, the ALJ considered arthritis a factor when deviating from Dr. Reed's opinion that Beaty could perform medium work. Beatty's "degenerative disc disease, tendonitis, and osteoarthritis restrict him from performing medium work or climbing ladders, ropes, or scaffolds" (Tr. 17). As for Beaty's knee the record demonstrated only minimal swelling that could be treated with medication (Tr. 12, 291).

Regarding anxiety and mental health issues, the ALJ considered Bearty's generalized anxiety and panic disorder and determined it did not cause more than minimal limitations in the claimant's ability to perform basic mental work activities. It was therefore determined a non-severe impairment (Tr. 12). The ALJ considered the four areas of mental functioning set forth in 20 CFR Part 404, Subpart P, Appendix 1 (understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; adapting or managing oneself). The ALJ found that Beaty had no limitations in 3 of the functional areas, and only a mild limitation in concentrating, persisting, or maintaining pace. These findings were supported by citations to the medical record and Beaty's self-reported activities and factored into the ALJ's RFC analysis (Tr. 13).

Finally, Beaty contends that his "conditions have progressively gotten worse" since applying for disability benefits (DN 14 PageID # 605). If this is true, it outside this Court's consideration. The relevant time period is from the alleged date of disability until the date last insured—December 31, 2015. Evidence outside this timeframe is "outside the scope of our inquiry." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993).

Upon review, Beaty has not provided any reason why this Court should find the ALJ's decision is not supported by substantial evidence. He has provided little more than bare assertions that his condition is such that he cannot work. The ALJ's RFC determination that Beaty can perform a limited range of light work is supported by substantial evidence. For these reasons, the ALJ's decision must stand and judgment be granted for the Commissioner.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that judgment is **GRANTED** for the Commissioner.

October 28, 2019

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

Copies:    Counsel